IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| HOMERO MARTINEZ | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 5:17-CV-00201-RWS-CMC |
| | § | |
| v. | § | |
| | § | |
| THOMAS SULLIVAN, ET AL., | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Plaintiff Homero Martinez, proceeding *pro se*, filed this civil action asserting various claims against his prior criminal defense counsel. This Court referred the case to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The named Defendants are Thomas Sullivan and Christopher Phillipe, who are identified as Martinez's criminal defense attorneys.

Martinez was prosecuted and convicted in the United States District Court for the Northern District of Texas. He complains his attorneys failed to object to an illegal search warrant; failed to move to suppress illegally obtained evidence; failed to bring forth alibi and character witnesses; failed to present evidence showing Martinez was simply a lease manager and was not involved in any crime; and coerced him into accepting a plea of guilty. In his complaint, Plaintiff cited the Texas Civil Practice and Remedies Code, the Texas Business and Commerce Code and the Texas Deceptive Trade Practices Act, along with general principles of negligence and malpractice.

After review of the proceedings, the Magistrate Judge issued a Report recommending

the lawsuit be dismissed. Docket No. 3. The Magistrate Judge found that defense attorneys are not state actors and thus cannot be sued under the federal civil rights statute, 42 U.S.C. § 1983. *Polk County v. Dodson*, 454 U.S. 312, 324 (1981). Similarly, defense attorneys in federal criminal cases are not federal actors and cannot be sued under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971). *See Quiroz v. Moran*, 707 F. App'x 1, 2017 U.S. App. LEXIS 22977, at *1 (D.C. Cir. Nov. 15, 2017) (citing *Polk County*, 454 U.S. at 324); *Solesbee v. Nation*, No. 3:06-cv-333, 2008 U.S. Dist. LEXIS 6287, at *1–2 (N.D. Tex., Jan. 29, 2008). Thus, the Magistrate Judge concluded Plaintiff failed to state a claim upon which relief may be granted.

The Magistrate Judge further recommended that the Court decline to exercise jurisdiction over Plaintiff's apparent state law claims under the Texas Business and Commerce Code, the Texas Deceptive Trade Practices Act and general principles of negligence and malpractice. Though a federal court can hear pendent state law claims under 28 U.S.C. § 1367, the Court may decline to exercise such supplemental jurisdiction if the court has dismissed all the claims over which it had original jurisdiction. *See Rhyne v. Henderson County*, 973 F.2d 386, 395 (5th Cir. 1992). Because the Defendants are not amenable to suit under either *Bivens* or § 1983, all claims over which the federal court had original jurisdiction should be dismissed. The Magistrate Judge, therefore, recommended the Court similarly dismiss Plaintiff's state law claims.

Plaintiff received a copy of the Magistrate Judge's Report,, but filed no objections thereto; accordingly, he is barred from *de novo* review by the District Judge of those findings, conclusions and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to proposed factual findings and legal conclusions accepted and

adopted by the district court. *Douglass v. United Servs Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

Nonetheless, the Court has reviewed the pleadings in this cause and the Report of the Magistrate Judge and agrees with the Report of the Magistrate Judge. *See United States v. Raddatz*, 447 U.S. 667, 683 (1980) ("[T]he statute permits the district court to give to the magistrate's proposed findings of fact and recommendations 'such weight as [their] merit commands and the sounds discretion of the judge warrants . . . ' ") (quoting *Mathews v. Weber*, 23 U.S. 261, 275 (1976)). It is accordingly

**ORDERED** the Report of the Magistrate Judge (Docket No. 3) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** the above-styled civil action is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted. It is further

**ORDERED** the Plaintiff's state law claims are **DISMISSED WITHOUT PREJUDICE**. The statute of limitations on Plaintiff's state law claims shall be tolled for the period of time this lawsuit was pending and for 30 days after it is dismissed. 28 U.S.C. § 1367(d). Finally, it is

**ORDERED** that any and all motions which may be pending in this civil action are hereby **DENIED AS MOOT**.

**So ORDERED and SIGNED this 18th day of September, 2019.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE